UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EOS POSITIONING SYSTEMS, INC.,

        Plaintiff,

    vs.

PROSTAR GEOCORP, INC.,

        Defendant.

C.A. No. 22-201-MN

**JURY TRIAL DEMANDED**

### DEFENDANT PROSTAR GEOCORP, INC.'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS

Defendant ProStar Geocorp, Inc. ("ProStar" or "Defendant") answers the Complaint of Plaintiff Eos Positioning Systems, Inc. ("Eos" or "Plaintiff") as follows:

### NATURE OF ACTION

1.    ProStar need not respond to Paragraph 1 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that this Complaint purports to be an action for declaratory judgment for non-infringement and invalidity of certain ProStar patents.

2.    Defendant denies the allegations of Paragraph 2 of the Complaint.

3.    ProStar admits that some methods of locating underground utilities include using wands and marking the location of the utility on a map of the land itself with flags or paint. ProStar denies the remaining allegations of paragraph 3 of the Complaint.

4.    ProStar admits that it sought to enforce its valid Utility Locating Patents against Eos who produces a number of products that infringe said patents. ProStar does not dispute that this action seeks a declaratory judgment that the Eos does not infringe the Utility Locating Patents

and that the Utility Locating Patents are invalid. ProStar denies the remaining allegations of Paragraph 4 of the Complaint.

## PARTIES

5.      ProStar admits the allegations of Paragraph 5 of the Complaint.

6.      ProStar admits the allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      ProStar need not respond to Paragraph 7 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that this action purports to arise under laws identified in Paragraph 7 of the Complaint.

8.      ProStar admits the allegations of Paragraph 8 of the Complaint.

9.      ProStar admits the allegations of Paragraph 9 of the Complaint.

## BACKGROUND

10.     ProStar admits the allegations of Paragraph 10 of the Complaint.

11.     ProStar admits the allegations of Paragraph 11 of the Complaint.

12.     ProStar admits the allegations of Paragraph 12 of the Complaint.

13.     ProStar admits the allegations of Paragraph 13 of the Complaint.

14.     ProStar admits the allegations of Paragraph 14 of the Complaint.

15.     ProStar admits the allegations of Paragraph 15 of the Complaint.

16.     ProStar admits the allegations of Paragraph 16 of the Complaint.

17.     ProStar admits the allegations of Paragraph 17 of the Complaint.

18.     ProStar admits the allegations of Paragraph 18 of the Complaint.

19.     ProStar admits the allegations of Paragraph 19 of the Complaint.

20.     ProStar admits the allegations of Paragraph 20 of the Complaint.

21.     ProStar admits the allegations of Paragraph 21 of the Complaint.

22.     ProStar admits the allegations of Paragraph 22 of the Complaint.

23.     ProStar admits the allegations of Paragraph 23 of the Complaint.

24.     ProStar admits the allegations of Paragraph 24 of the Complaint.

25.     ProStar admits the allegations of Paragraph 25 of the Complaint.

26.     ProStar admits the allegations of Paragraph 26 of the Complaint.

27.     ProStar admits the allegations of Paragraph 27 of the Complaint.

28.     ProStar admits the allegations of Paragraph 28 of the Complaint.

29.     ProStar admits the allegations of Paragraph 29 of the Complaint.

**The Conventional Subject Matter Claimed in the Utility Locating Patents**

30.     ProStar admits that the claims are directed to unique, novel, and inventive systems and methods for the detection, identification, collection, storage, display, and communication of utility location data over a computer network. ProStar denies the remaining allegations of Paragraph 30 of the Complaint.

31.     ProStar denies the allegations of Paragraph 31 of the Complaint.

32.     ProStar admits that people have been tracking the location of utilities in some form for over a century. ProStar lacks information sufficient to form a belief as to the various methods used for utility tracking. ProStar denies the remaining allegations of Paragraph 32 of the Complaint.

33.     ProStar does not dispute that the video at the identified URL is owned by ProStar. ProStar denies the remaining allegations of Paragraph 33 of the Complaint.

34.    ProStar admits that the '058 Patent issued on March 27, 2014, and that the Supreme Court's *Alice* decision was issued June 19, 2014. The *Alice* decision speaks for itself. ProStar denies the remaining allegations of Paragraph 34 of the Complaint.

35.    ProStar denies that the patents at issue in the cases identified in Paragraph 35 are "substantially similar" to the Utility Locating Patents or that the Utility Location Patents are directed to using generic computer components to perform the same abstract method of storing and displaying utility location data. The identified cases speak for themselves.

36.    Paragraph 36 of the Complaint calls for a legal conclusion for which no response is necessary. ProStar denies that the Utility Location Patents are invalid. The case cited by Paragraph 36 speaks for itself.

37.    ProStar denies the allegations found in Paragraph 37 of the Complaint.

38.    ProStar admits that Paragraph 38 of the Complaint accurately recites claim 1 of the '524 Patent, but denies that these are the only limitations contained in the various claims of the '524 Patent or that the identified claim is representative of all of the claims in the patent.

39.    ProStar denies the allegations found in Paragraph 39 of the Complaint.

40.    ProStar denies the allegations found in Paragraph 40 of the Complaint.

41.    ProStar admits that Paragraph 41 of the Complaint accurately recites claim 11 of the '806 Patent. ProStar denies that the claim language is invalid or directed to an abstract idea. ProStar denies that this claim is representative of the remaining claims in the '806 Patent.

42.    ProStar admits that the claim identified in Paragraph 41 of the complaint requires a processor configured to process input data, a display, a GPS receiver and a database for storing data. ProStar denies the remaining allegations of Paragraph 42 of the Complaint.

43.      ProStar admits that the claims and specification of the '806 patent do not modify the GPS devices used. ProStar denies that the claims are required to modify the GPS devices use in order to be valid.

44.      ProStar admits that the claims of the '129 patent are directed to the detection, identification, collection, display, and manipulation of data for utility collection. ProStar denies that the claims are directed to an abstract idea or that they are required to improve upon specific hardware in order to be valid.

45.      ProStar admits that Paragraph 45 of the Complaint accurately recites claim 1 of the '129 Patent. ProStar denies that the claim is representative all of all of the claims of the '129 patent or that the claim is invalid.

46.      ProStar denies the allegations of Paragraph 46 of the Complaint.

47.      ProStar denies the allegations pf Paragraph 47 of the Complaint.

48.      ProStar admits that Paragraph 48 of the Complaint accurately recites claim 1 of the '112 Patent. ProStar denies that the claim is representative all of all of the claims of the '112 patent or that the claim is invalid.

49.      ProStar denies the allegations pf Paragraph 49 of the Complaint.

50.      ProStar denies the allegations pf Paragraph 50 of the Complaint.

51.      ProStar admits that Paragraph 51 of the Complaint accurately recites claim 1 of the '058 Patent. ProStar denies that the claim is representative of all of the claims of the '058 patent or that the claim is invalid.

52.      ProStar denies the allegations of Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint states a legal conclusion for which no response is necessary. To the extent a response is necessary, ProStar responds that its patented process does not merely computerize or automate a longstanding practice.

54.     ProStar denies the allegations of Paragraph 54 of the Complaint.

**<u>ProStar's Attempts to Exploit Clearly Invalid Patents</u>**

55.     ProStar responds to the allegations of Paragraph 55 of the Complaint that the letter at Exhibit H is the best evidence of what the letter states. ProStar admits to drafting and sending the letter in Exhibit H.

56.     ProStar responds to the allegations of Paragraph 56 of the Complaint that the letter at Exhibit I is the best evidence of what the letter states.

57.     ProStar responds to the allegations of Paragraph 57 of the Complaint that the letter at Exhibit J is the best evidence of what the letter states.

58.     ProStar denies the allegations of Paragraph 58 of the Complaint.

59.     ProStar responds to the allegations of Paragraph 59 of the Complaint that the letter at Exhibit K is the best evidence of what the letter states. ProStar admits to drafting and sending the letter in Exhibit K. ProStar disputes that there is a defect in its patents, or that Plaintiff provided evidence of said alleged defect.

60.     ProStar admits that it made the statement identified in Paragraph 60. ProStar denies that it was an attempt to extract a nuisance fee. The parties had not yet discussed a license fee as Plaintiff used the extension of time that it was given to file this anticipatory suit in lieu of discussing potential licensing.

61.     ProStar denies the allegations of Paragraph 61 of the Complaint.

62.     ProStar admits that it made the referenced statement and that it attached a draft complaint as identified in Paragraph 62 of the complaint. ProStar admits that an actual controversy exists between the parties, and does not dispute that it is sufficient to give rise to Jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

63.     ProStar admits the allegations of Paragraph 63 of the Complaint.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '524 PATENT

64.     ProStar incorporates each of the preceding paragraphs 1-63 as if fully set forth herein.

65.     ProStar denies the allegations of Paragraph 65 of the Complaint.

66.     ProStar denies the allegations of Paragraph 66 of the Complaint.

67.     ProStar denies the allegations of Paragraph 67 of the Complaint.

68.     ProStar denies the allegations of Paragraph 68 of the Complaint.

69.     ProStar denies the allegations of Paragraph 69 of the Complaint.

70.     ProStar denies the allegations of Paragraph 70 of the Complaint.

71.     ProStar need not respond to Paragraph 71 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

72.     ProStar denies the allegations of Paragraph 72 of the Complaint.

73.     ProStar denies the allegations of Paragraph 73 of the Complaint.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF THE '524 PATENT

74.     ProStar incorporates each of the preceding paragraphs 1-73 as if fully set forth herein.

75.     ProStar denies the allegations of Paragraph 75 of the Complaint.

76.     ProStar denies the allegations of Paragraph 76 of the Complaint.

77.     ProStar denies the allegations of Paragraph 77 of the Complaint.

78.     ProStar denies the allegations of Paragraph 78 of the Complaint.

79.     ProStar denies the allegations of Paragraph 79 of the Complaint.

80.     ProStar denies the allegations of Paragraph 80 of the Complaint.

81.     ProStar need not respond to Paragraph 81 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

82.     ProStar denies the allegations of Paragraph 82 of the Complaint.

<u>**COUNT III – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '806 PATENT**</u>

83.     ProStar incorporates each of the preceding paragraphs 1-82 as if fully set forth herein.

84.     ProStar denies the allegations of Paragraph 84 of the Complaint.

85.     ProStar denies the allegations of Paragraph 85 of the Complaint.

86.     ProStar denies the allegations of Paragraph 86 of the Complaint.

87.     ProStar denies the allegations of Paragraph 87 of the Complaint.

88.     ProStar denies the allegations of Paragraph 88 of the Complaint.

89.     ProStar denies the allegations of Paragraph 89 of the Complaint.

90.     ProStar need not respond to Paragraph 90 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

91.     ProStar denies the allegations of Paragraph 91 of the Complaint.

92.     ProStar denies the allegations of Paragraph 92 of the Complaint.

## COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY
## OF THE '806 PATENT

93.     ProStar incorporates each of the preceding paragraphs 1-92 as if fully set forth herein.

94.     ProStar denies the allegations of Paragraph 94 of the Complaint.

95.     ProStar denies the allegations of Paragraph 95 of the Complaint.

96.     ProStar denies the allegations of Paragraph 96 of the Complaint.

97.     ProStar denies the allegations of Paragraph 97 of the Complaint.

98.     ProStar denies the allegations of Paragraph 98 of the Complaint.

99.     ProStar denies the allegations of Paragraph 99 of the Complaint.

100.    ProStar need not respond to Paragraph 100 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

101.    ProStar denies the allegations of Paragraph 101 of the Complaint.

## COUNT V – DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '129 PATENT

102.    ProStar incorporates each of the preceding paragraphs 1-101 as if fully set forth herein.

103.    ProStar denies the allegations of Paragraph 103 of the Complaint.

104.    ProStar denies the allegations of Paragraph 104 of the Complaint.

105.    ProStar denies the allegations of Paragraph 105 of the Complaint.

106.    ProStar denies the allegations of Paragraph 106 of the Complaint.

107.    ProStar denies the allegations of Paragraph 107 of the Complaint.

108.    ProStar denies the allegations of Paragraph 108 of the Complaint.

109.    ProStar need not respond to Paragraph 109 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

110.    ProStar denies the allegations of Paragraph 110 of the Complaint.

111.    ProStar denies the allegations of Paragraph 111 of the Complaint.

## COUNT VI – DECLARATORY JUDGMENT OF INVALIDITY OF THE '129 PATENT

112.    ProStar incorporates each of the preceding paragraphs 1-111 as if fully set forth herein.

113.    ProStar denies the allegations of Paragraph 113 of the Complaint.

114.    ProStar denies the allegations of Paragraph 114 of the Complaint.

115.    ProStar denies the allegations of Paragraph 115 of the Complaint.

116.    ProStar denies the allegations of Paragraph 116 of the Complaint.

117.    ProStar denies the allegations of Paragraph 117 of the Complaint.

118.    ProStar denies the allegations of Paragraph 118 of the Complaint.

119.    ProStar need not respond to Paragraph 119 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

120.    ProStar denies the allegations of Paragraph 120 of the Complaint.

## COUNT VII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '112 PATENT

121.    ProStar incorporates each of the preceding paragraphs 1-120 as if fully set forth herein.

122.    ProStar denies the allegations of Paragraph 122 of the Complaint.

123.    ProStar denies the allegations of Paragraph 123 of the Complaint.

124.    ProStar denies the allegations of Paragraph 124 of the Complaint.

125.    ProStar denies the allegations of Paragraph 125 of the Complaint.

126.    ProStar denies the allegations of Paragraph 126 of the Complaint.

127.    ProStar denies the allegations of Paragraph 127 of the Complaint.

128.    ProStar need not respond to Paragraph 128 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

129.    ProStar denies the allegations of Paragraph 129 of the Complaint.

130.    ProStar denies the allegations of Paragraph 130 of the Complaint.

## COUNT VIII – DECLARATORY JUDGMENT OF INVALIDITY OF THE '112 PATENT

131.    ProStar incorporates each of the preceding paragraphs 1-130 as if fully set forth herein.

132.    ProStar denies the allegations of Paragraph 132 of the Complaint.

133.    ProStar denies the allegations of Paragraph 133 of the Complaint.

134.    ProStar denies the allegations of Paragraph 134 of the Complaint.

135.    ProStar denies the allegations of Paragraph 135 of the Complaint.

136.    ProStar denies the allegations of Paragraph 136 of the Complaint.

137.    ProStar denies the allegations of Paragraph 137 of the Complaint.

138.    ProStar need not respond to Paragraph 138 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

139. ProStar denies the allegations of Paragraph 139 of the Complaint.

## COUNT IX – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '058 PATENT

140. ProStar incorporates each of the preceding paragraphs 1-139 as if fully set forth herein.

141. ProStar denies the allegations of Paragraph 141 of the Complaint.

142. ProStar denies the allegations of Paragraph 142 of the Complaint.

143. ProStar denies the allegations of Paragraph 143 of the Complaint.

144. ProStar denies the allegations of Paragraph 144 of the Complaint.

145. ProStar denies the allegations of Paragraph 145 of the Complaint.

146. ProStar denies the allegations of Paragraph 146 of the Complaint.

147. ProStar need not respond to Paragraph 147 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

148. ProStar denies the allegations of Paragraph 148 of the Complaint.

149. ProStar denies the allegations of Paragraph 149 of the Complaint.

## COUNT X – DECLARATORY JUDGMENT OF INVALIDITY OF THE '058 PATENT

150. ProStar incorporates each of the preceding paragraphs 1-149 as if fully set forth herein.

151. ProStar denies the allegations of Paragraph 151 of the Complaint.

152. ProStar denies the allegations of Paragraph 152 of the Complaint.

153. ProStar denies the allegations of Paragraph 153 of the Complaint.

154. ProStar denies the allegations of Paragraph 154 of the Complaint.

155.     ProStar denies the allegations of Paragraph 155 of the Complaint.

156.     ProStar denies the allegations of Paragraph 156 of the Complaint.

157.     ProStar need not respond to Paragraph 157 of the Complaint as it states a legal conclusion, but to the extent a response is required, ProStar does not dispute that there is a sufficient controversy between the parties to warrant the issuance of a declaratory judgment.

158.     ProStar denies the allegations of Paragraph 158 of the Complaint.

## EOS'S PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendant ProStar Geocorp, Inc. denies that Plaintiff Eos Positioning Systems, Inc. is entitled to any judgment or relief.

## EOS'S JURY DEMAND

In response to the Jury Demand, Defendant ProStar Geocorp, Inc. admits that Eos demands a jury for all issues so triable.

## DEFENSES

In addition to the denials in its answer above, ProStar pleads the following defenses to Eos' claims.  ProStar does not assume the burden of proof on any of these defenses where it does not bear that burden as a matter of law, and it reserves the right to amend its defenses as information is learned in discovery, including to add additional defenses as they become known.

1.     ProStar's Patents are valid, as stated in ProStar's Counterclaims which are incorporated by reference as if fully set forth herein.

2.     ProStar's Patents are enforceable, as stated in ProStar's Counterclaims which are incorporated by reference as if fully set forth herein.

3.     EOS has infringed ProStar's Patents as stated in ProStar's Counterclaims which are incorporated by reference as if fully set forth herein.

## COUNTERCLAIMS

Defendant and Counterclaimant ProStar Geocorp., Inc. ("ProStar" or "Counter-Plaintiff"), by and through its attorneys, asserts these counterclaims against Plaintiff and Counterclaim Defendant Eos Positioning Systems, Inc. ("Eos" or "Counter-Defendant"), as set forth below.

## THE PARTIES

1.      ProStar Geocorp, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 760 Horizon Drive, Suite 200, Grand Junction, Colorado 81506.

2.      On information and belief, Eos Positioning Systems, Inc. is a corporation organized and existing under the laws of Quebec (Canada), with its principal place of business at 1181 Rue de l'Express, Terrabonne, QC J6W 0A2 Canada.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1, et seq.

4.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to, inter alia, 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Eos because Eos conducts business in this district, including the sale of products that infringe ProStar's patents.  Eos was also aware that the harms caused by its sale of Infringing Products would be felt within this district as Eos continued to sell infringing product into this district after receiving a cease and desist letter that placed Eos on actual notice of the infringement and the damage caused to a resident of this district. This Court also has jurisdiction over Eos because Eos chose to sue ProStar in this Court for declaratory judgment regarding the patents at issue in these counterclaims, and has thus submitted to this

-14-

Court's jurisdiction.

6.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Eos is not a resident of the United States, and pursuant to 28 U.S.C. § 1391(c)(3), Eos may be sued in any district.

## FACTUAL BACKGROUND

### Prostar's Intellectual Property Rights

7.     ProStar is a software company that specializes in developing patented cloud and mobile solutions for lifecycle management of critical infrastructure both above and below the Earth's surface offered as Software as a Service. Its flagship product is PointMan, a precision mapping solution, that is proven to significantly enhance the workflow process and business practices associated with the lifecycle management of critical infrastructure.

8.     ProStar systems provide the ability to precisely capture, record, display, and manage critical infrastructure in real-time, including roads, bridges, railways, pipelines, and utilities. This information can be particularly important for construction companies who may inadvertently dig up power, water, gas, and/or data lines.

9.     ProStar's clients include Fortune 500 construction companies, utility owners, government agencies, engineering & survey firms, municipalities, and universities.

10.     ProStar protects its intellectual property rights by a variety of means, including but not limited to obtaining utility patents.

11.     Prostar is the owner of five utility patents that are relevant to this matter.

12.     U.S. Patent No. 6,956,524 ("'524 Patent") was filed on September 28, 2004, and is titled "Method of Dynamically Tracking a Location of One or More Selected Utilities."

The '524 Patent claims the benefit of the February 3, 2003 filing date of its provisional application. The '524 Patent is directed to a method of dynamically tracking a location of one or more selected utilities. The '524 Patent issued on October 18, 2005, and was initially assigned to Global Precision Solutions LLP. The '524 Patent was eventually assigned to ProStar who is the current owner. The '524 Patent is valid, enforceable, and all required maintenance fees have been paid. A copy of the '524 Patent is attached as Exhibit 1.

13.     U.S. Patent No. 7,834,806 ("'806 Patent") was filed January 7, 2009 and claims a priority date of July 20, 2004 from a provisional application. The '806 Patent is titled "System and Method for Utility Asset Data Collection and Management" and is directed to a method and apparatus for the development and operational use of precise utility location and utility asset management information. The '806 Patent issued on November 16, 2010, and was initially assigned to Global Precision Solutions LLP. The '806 Patent was eventually assigned to ProStar who is the current owner. The '806 Patent is valid, enforceable, and all required maintenance fees have been paid. A copy of the '806 Patent is attached as Exhibit 2.

14.     U.S. Patent No. 7,978,129 ("'129 Patent") claims priority to a provisional application that was filed on December 4, 2006. The '129 Patent was filed on March 14, 2007, and issued on July 12, 2011. The '129 Patent is titled "System and Method for Collecting and Updating Geographical Data" and covers a system and method for generating a GIS data transaction including information about a topography of a region and utilities within the region. The '129 Patent was originally assigned to Global Precision Solutions LLP, and eventually assigned to ProStar. The '129 Patent is valid, enforceable, and all required maintenance fees have been paid. A copy of the '129 Patent is attached as Exhibit 3.

15.     U.S. Patent No. 8,081,112 ("'112 Patent") was filed on November 3, 2009, and

claims priority to a provisional application filed on July 20, 2004. The '112 Patent is titled "System and Method for Collecting Information Related to Utility Assets" and is directed to a method and apparatus for the development and operational use of precise utility location and utility asset management information. The '112 Patent issued on December 20, 2011, and was initially assigned to Global Precision Solutions LLP. The '112 Patent was eventually assigned to ProStar who is the current owner. The '112 Patent is valid, enforceable, and all required maintenance fees have been paid. A copy of the '112 Patent is attached as Exhibit 4.

16.     U.S. Patent No. 8,144,058 ("'058 Patent") was filed on May 2, 2011, and claims priority to a provisional application filed on March 14, 2007. The '058 Patent is titled "System and Method for Collecting and Updating Geographical Data" and is directed to a system and method for generating a geographical data transaction including information about a topography of a region and utilities within the region. The '058 Patent issued on March 27, 2012, and was initially assigned to Global Precision Solutions LLP. The '058 Patent was eventually assigned to ProStar who is the current owner. The '058 Patent is valid, enforceable, and all required maintenance fees have been paid. A copy of the '058 Patent is attached as Exhibit 5. The '524, '806, '058, '112, and '058 Patents are collectively referred to hereafter as "ProStar's Patents."

17.     ProStar is in compliance with any marking or notice requirements of 35 U.S.C. § 287 with respect to ProStar's Patents.

18.     ProStar is not a non-practicing entity. It uses the innovative inventions claimed in ProStar's patents and incorporates them into the products and services that it offers. Licensing its intellectual property forms only a small subset of ProStar's revenue.

**Eos's Patent Infringement**

19.     On information and belief, Eos is a manufacturer of systems and equipment for

-17-

identifying, logging, and otherwise tracking public utility infrastructure, including but not limited to, water, gas, sewage, electrical and data pipes, tunnels and cables.

20.     On information and belief, Eos produces global navigation satellite system "GNSS" receivers that provide submeter to centimeter level accurate locations for data collection applications.

21.     On information and belief, Eos produces mobile mapping solutions for mapping utilities including but not limited to, water, gas, sewage, electrical and data pipes, tunnels and cables. This product is called Eos Locate.

22.     On information and belief, the Eos Locate product, along with the GNSS receivers are meant to interface with third party software applications such as ArcGIS to send and receive utility related data.

23.     On information and belief, Eos provides instructions to its customers to use Eos's products with third party applications such as ArcGIS.

24.     After becoming aware of Eos's Eos Locate products, Plaintiff evaluated the products, and determined that they infringed one or more claims of ProStar's patents.

25.     On May 25, 2021, ProStar wrote Eos a letter, identifying the ProStar Patents that it infringed, identifying the claims of the ProStar Patents that it infringed, and requesting an opportunity to engage in licensing discussions. A copy of this letter is attached as Exhibit 6.

26.     On June 30, 2021, Eos's attorney responded that Eos' products do not infringe any of the identified claims of ProStar's Patents, but he did not identify what elements, if any were missing. The letter also claimed that ProStar's Patents were likely invalid, but failed to identify any invalidating prior art. A copy of this letter is attached as Exhibit 7.

27.     After further investigation, on February 2, 2022, ProStar responded to Eos's letter

by providing further detail regarding Eos's infringement of ProStar's Patents, and attaching comprehensive claim charts that demonstrate Eos's infringement.  *See* Exhibits 8-12.

28.     On Friday February 11, 2022, Eos's Canadian counsel wrote back noting that they needed more time to engage U.S. counsel to substantively respond to the letter.

29.     On Tuesday February 15, 2022, ProStar granted Eos a 30-day extension of time to respond to its letter so that it could engage US counsel to carefully review the matter. ProStar did not realize that Eos, contrary to the statements had made just days before, had already engaged US counsel, and had in fact filed this declaratory judgment action against ProStar and served or was contemporaneously serving process. (D.I. 6). Eos did not provide ProStar's counsel with a copy of the Complaint, summons, or proof of service to ProStar's counsel despite counsel's exchange just two business days earlier.

30.     On information and belief, despite being warned that its products violated ProStar's Patents, and being given actual notice of ProStar's Patents, Eos continues to sell its products that infringed ProStar's Patents, including but not limited to the Eos Locate product (collectively, "Infringing Products"), and continues to instruct its users to use those Infringing Products in a way that infringes ProStar's Patents, including using the Infringing Products in association with third party applications such as ArcGIS.

31.     On information and belief, Eos's Infringing Products are not staple articles of commerce.

32.     On information and belief, Eos's Infringing Products do not have substantial non-infringing uses.

33.     On information and belief, Eos's products directly infringe one or more of the claims of ProStar's patents. Representative claim charts detailing how Eos's products infringe ProStar's Patents are attached as Exhibit 8-12.

34.     On information and belief, Eos's customers directly infringe one or more claims of ProStar's Patents by their use of Eos's Infringing Products.

35.     On information and belief, Eos knowingly and intentionally instructs their customers to use Eos's Infringing Products in a manner that infringes one or more claims of ProStar's patents.

36.     On information and belief, given Eos's knowledge of ProStar's Patents, Eos's direct, contributory, and induced infringement of those patents was willful.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 6,956,524)

37.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 of the Counterclaims as if fully set forth here.

38.     The above-cited acts by Eos constitute infringement of the '524 Patent in violation of 35 U.S.C. § 271.

39.     Eos through its manufacturing, sale, offer for sale, importation, and use of the Infringing Products, including but not limited to the Eos Locate product, has directly infringed at least claims 1 and 10 of the '524 Patent.

40.     Eos's customers through their use of the Infringing Products, including but not limited to the Eos Locate product, have directly infringed the '524 Patent.

41.     Eos had knowledge of the '524 Patent and its claims at least as early as the date of ProStar's letter of May 25, 2021.

-20-

42.     Despite its knowledge of the '524 Patent, Eos instructs is customers to use the Infringing Products in such a way that the use knowingly infringes one or more claims of the '524 Patent.

43.     The above actions constitute inducement by infringement of one or more claims of the '524 Patent.

44.     Eos's Infringing Products are not staple articles of commerce.

45.     Eos's Infringing Products are not capable of substantial non-infringing uses.

46.     Eos sells and/or imports into the United States Infringing Products knowing that they are especially made or especially adapted for use as a component of a system or method for infringing one or more claims of the '524 Patent.

47.     The above actions constitute contributory infringement of one or more claims of the '524 Patent.

48.     A representative claim chart demonstrating Eos's infringement of the '524 Patent is attached as Exhibit 8.

49.     By reason of Eos's actions alleged herein, ProStar has suffered substantial irreparable injury, including a loss of market share, which will continue unless these acts of infringement are enjoined by the court.

50.     On information and belief, Eos's acts of patent infringement have been willful and taken without regard to the established rights of ProStar. Eos had knowledge of ProStar's Patents since at least as early as May 25, 2021, and intentionally decided to continue their acts of infringement despite said knowledge that their acts infringed one or more claims of ProStar's Patents.

## SECOND COUNTERCLAIM

## (Infringement of U.S. Patent No. 7,834,806)

51.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 50 of the Counterclaims as if fully set forth here.

52.     The above-cited acts by Eos constitute infringement of the '806 Patent in violation of 35 U.S.C. § 271.

53.     Eos through its manufacturing, sale, offer for sale, importation, and use of the Infringing Products, including but not limited to the Eos Locate product, has directly infringed at least claims 1 and 11 of the '806 Patent.

54.     Eos's customers through their use of the Infringing Products, including but not limited to the Eos Locate product, have directly infringed the '806 Patent.

55.     Eos had knowledge of the '806 Patent and its claims at least as early as the date of ProStar's letter of May 25, 2021.

56.     Despite its knowledge of the '806 Patent, Eos instructs is customers to use the Infringing Products in such a way that the use knowingly infringes one or more claims of the '806 Patent.

57.     The above actions constitute inducement by infringement of one or more claims of the '806 Patent

58.     Eos's Infringing Products are not staple articles of commerce.

59.     Eos's Infringing Products are not capable of substantial non-infringing uses.

60.      Eos sells and/or imports into the United States Infringing Products knowing that they are especially made or especially adapted for use as a component of a system or method for infringing one or more claims of the '806 Patent.

61.     The above actions constitute contributory infringement of one or more claims of the '806 Patent.

62.     A representative claim chart demonstrating Eos's infringement of the '806 Patent is attached as Exhibit 9.

63.     By reason of Eos's actions alleged herein, ProStar has suffered substantial irreparable injury, including a loss of market share, which will continue unless these acts of infringement are enjoined by the court.

64.     On information and belief, Eos's acts of patent infringement have been willful and taken without regard to the established rights of ProStar. Eos had knowledge of ProStar's Patents since at least as early as May 25, 2021, and intentionally decided to continue their acts of infringement despite said knowledge that their acts infringed one or more claims of ProStar's Patents.

## **THIRD COUNTERCLAIM**

### **(Infringement of U.S. Patent No. 7,978,129)**

65.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 64 of the Counterclaims as if fully set forth here.

66.     The above-cited acts by Eos constitute infringement of the '129 Patent in violation of 35 U.S.C. § 271.

67.     Eos through its manufacturing, sale, offer for sale, importation, and use of the Infringing Products, including but not limited to the Eos Locate product, has directly infringed at least claims 1, 12, 18, and 19 of the '129 Patent.

68.     Eos's customers through their use of the Infringing Products, including but not limited to the Eos Locate product, have directly infringed the '129 Patent.

69.     Eos had knowledge of the '129 Patent and its claims at least as early as the date of ProStar's letter of May 25, 2021.

70.     Despite its knowledge of the '129 Patent, Eos instructs is customers to use the Infringing Products in such a way that the use knowingly infringes one or more claims of the '129 Patent.

71.     The above actions constitute inducement by infringement of one or more claims of the '129 Patent.

72.     Eos's Infringing Products are not staple articles of commerce.

73.     Eos's Infringing Products are not capable of substantial non-infringing uses.

74.     Eos sells and/or imports into the United States Infringing Products knowing that they are especially made or especially adapted for use as a component of a system or method for infringing one or more claims of the '129 Patent.

75.     The above actions constitute contributory infringement of one or more claims of the '129 Patent.

76.     A representative claim chart demonstrating Eos's infringement of the '129 Patent is attached as Exhibit 10.

77.     By reason of Eos's actions alleged herein, ProStar has suffered substantial irreparable injury, including a loss of market share, which will continue unless these acts of infringement are enjoined by the court.

78.     On information and belief, Eos's acts of patent infringement have been willful and taken without regard to the established rights of ProStar. Eos had knowledge of ProStar's Patents since at least as early as May 25, 2021, and intentionally decided to continue their acts of infringement despite said knowledge that their acts infringed one or more claims of ProStar's

Patents.

## FOURTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,081,112)

79.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 78 of the Counterclaims as if fully set forth here.

80.     The above-cited acts by Eos constitute infringement of the '112 Patent in violation of 35 U.S.C. § 271.

81.     Eos through its manufacturing, sale, offer for sale, importation, and use of the Infringing Products, including but not limited to the Eos Locate product, has directly infringed at least claims 1 and 7 of the '112 Patent.

82.     Eos's customers through their use of the Infringing Products, including but not limited to the Eos Locate product, have directly infringed the '112 Patent.

83.     Eos had knowledge of the '112 Patent and its claims at least as early as the date of ProStar's letter of May 25, 2021.

84.     Despite its knowledge of the '112 Patent, Eos instructs is customers to use the Infringing Products in such a way that the use knowingly infringes one or more claims of the '112 Patent.

85.     The above actions constitute inducement by infringement of one or more claims of the '112 Patent.

86.     Eos's Infringing Products are not staple articles of commerce.

87.     Eos's Infringing Products are not capable of substantial non-infringing uses.

88.      Eos sells and/or imports into the United States Infringing Products knowing that they are especially made or especially adapted for use as a component of a system or method for

infringing one or more claims of the '112 Patent.

89.     The above actions constitute contributory infringement of one or more claims of the '112 Patent.

90.     A representative claim chart demonstrating Eos's infringement of the '112 Patent is attached as Exhibit 11.

91.     By reason of Eos's actions alleged herein, ProStar has suffered substantial irreparable injury, including a loss of market share, which will continue unless these acts of infringement are enjoined by the court.

92.     On information and belief, Eos's acts of patent infringement have been willful and taken without regard to the established rights of ProStar. Eos had knowledge of ProStar's Patents since at least as early as May 25, 2021, and intentionally decided to continue their acts of infringement despite said knowledge that their acts infringed one or more claims of ProStar's Patents.

<u>**FIFTH COUNTERCLAIM**</u>

**(Infringement of U.S. Patent No. 8,144,058)**

93.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 92 of the Counterclaims as if fully set forth here.

94.     The above-cited acts by Eos constitute infringement of the '058 Patent in violation of 35 U.S.C. § 271.

95.     Eos through its manufacturing, sale, offer for sale, importation, and use of the Infringing Products, including but not limited to the Eos Locate product, has directly infringed claims 1 and 12 of the '058 Patent.

96.     Eos's customers through their use of the Infringing Products, including but not limited to the Eos Locate product, have directly infringed the '058 Patent.

97.     Eos had knowledge of the '058 Patent and its claims at least as early as the date of ProStar's letter of May 25, 2021.

98.     Despite its knowledge of the '058 Patent, Eos instructs is customers to use the Infringing Products in such a way that the use knowingly infringes one or more claims of the '058 Patent.

99.     The above actions constitute inducement by infringement of one or more claims of the '058 Patent.

100.    Eos's Infringing Products are not staple articles of commerce.

101.    Eos's Infringing Products are not capable of substantial non-infringing uses.

102.     Eos sells and/or imports into the United States Infringing Products knowing that they are especially made or especially adapted for use as a component of a system or method for infringing one or more claims of the '058 Patent.

103.    The above actions constitute contributory infringement of one or more claims of the '058 Patent.

104.    A representative claim chart demonstrating Eos's infringement of the '058 Patent is attached as Exhibit 12.

105.    By reason of Eos's actions alleged herein, ProStar has suffered substantial irreparable injury, including a loss of market share, which will continue unless these acts of infringement are enjoined by the court.

106.    On information and belief, Eos's acts of patent infringement have been willful and taken without regard to the established rights of ProStar. Eos had knowledge of ProStar's Patents

since at least as early as May 25, 2021, and intentionally decided to continue their acts of infringement despite said knowledge that their acts infringed one or more claims of ProStar's Patents.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Validity of ProStar's Patents)

107.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 106 of the Counterclaims as if fully set forth here.

108.    ProStar's Patents are presumed valid and are entitled to a statutory presumption of validity.

109.    ProStar's Patents are not directed to an abstract or otherwise patent ineligible concept.

110.    To the extent that ProStar's Patents are directed to an abstract or otherwise patent ineligible concept, the claims of ProStar's Patents are sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself, and/or provides an inventive concept sufficient to transform any ineligible concept into patent-eligible subject matter.

111.    To the extent that Eos identifies any references that are allegedly prior art, ProStar's Patents are not invalid as anticipated or obvious in view of the prior art.

112.    To the extent that Eos challenges the disclosure of any claimed terms, ProStar's Patents meet the statutory requirements for enablement, written description and definiteness.

## PRAYER FOR RELIEF

WHEREFORE, ProStar prays that:

1.    The Court dismiss the Complaint with prejudice.

2.    The Court issue a declaratory judgment that ProStar's Patents are infringed.

-28-

3.     The Court issue a declaratory judgment that ProStar's Patents are valid.

4.     The Court issue a permanent injunction restraining Eos, its officers, directors, agents, employees, representatives and all persons acting in concert with Eos, from engaging in any further patent infringement.

5.     The Court awardProStar, pursuant to 35 U.S.C. § 284, damages adequate to compensate ProStar for its infringement, in no event less than a reasonable royalty for use made of ProStar's Patents, together with the interests and costs as fixed by the court.

6.     The Court issue an order that Eos's infringement was willful.

7.     The Court issue an order for treble damages pursuant to 35 U.S.C. § 284.

8.     The Court issue an order that this case is exceptional, and award ProStar its attorney's fees pursuant to 35 U.S.C. § 285.

9.     The Court  award of prejudgment and post judgment interest.

10.    The Court award of ProStar's costs and expenses in this matter.

11.    The Court award such other and further relief as the Court deems proper.

## JURY DEMAND

Counterclaim Plaintiff ProStar Geocorp, Inc. demands trial by jury for all issues so triable.

Dated:  March 22, 2022                   **DLA PIPER LLP (US)**

/s/ *Stephanie E. O'Byrne*
Stephanie E. O'Byrne (DE Bar No. 4446)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: 302.468.5645
Facsimile: 302.691.4745
stephanie.obyrne@us.dlapiper.com
erin.larson@us.dlapiper.com